## COMMONWEALTH *VS.* DAVID R. VAN MELKEBEKE.

No. 98-P-1460.

Norfolk. November 5, 1999. - December 15, 1999.

Present: ARMSTRONG, SMITH, & KASS, JJ.

*Practice, Criminal,* Voluntariness of confession, Voir dire. *Evidence,* Admissions and confessions, Spontaneous utterance. *Constitutional Law,* Admissions and confessions, Waiver of constitutional rights. *Intoxication. Waiver.*

At the trial of a criminal complaint, the judge erred in failing to rule on the defendant's challenge, based on his intoxication, to the voluntariness of his statement to police [366]; in denying the defendant's request at trial for a voir dire on the voluntariness issue [367]; and, where voluntariness of the statement was a live issue at trial, in denying the defendant's written request to instruct the jury in accordance with the Massachusetts humane practice [367]: the errors were not harmless, and the defendant was entitled to a new trial [367].

At the trial of a criminal complaint, the judge did not abuse his discretion in admitting in evidence as a spontaneous utterance an out-of-court statement of the alleged victim, the defendant's spouse. [367]

At the trial of a criminal complaint, the judge did not err in giving a curative instruction, rather than granting a mistrial, for a witness's reference to the defendant's previous incarceration; however, at the retrial of the complaint such testimony should be excluded. [367-368]

COMPLAINT received and sworn to in the Quincy Division of the District Court Department on June 27, 1995.

A pretrial motion to suppress evidence was heard by *Joseph R. Welch,* J., and the case was tried before him.

James G. Lavery for the defendant.

*Brian A. Wilson,* Assistant District Attorney, for the Commonwealth.

SMITH, J. On June 27, 1995, the defendant was charged in a complaint with one count of assault and battery on his wife, Sally Van Melkebeke. Prior to trial, the defendant filed a motion to suppress his confession to a police officer. The Commonwealth made a motion in limine to allow in evidence the

wife's statement to the same police officer just prior to the defendant's arrest on the ground that the statement was admissible under the excited utterance exception to the hearsay rule. After a hearing, the judge denied the defendant's motion and granted the Commonwealth's motion in limine. After a trial, the jury returned a guilty verdict.

On appeal, the defendant claims that the judge erred in (1) allowing in evidence the defendant's confession absent a showing that the confession was voluntarily given; (2) failing to instruct the jury in accordance with Massachusetts "humane practice" concerning the issue of the voluntariness of the confession; (3) allowing the officer to testify to the contents of the wife's statement; and (4) failing to declare a mistrial when a witness testified that the defendant had previously been in jail.

We summarize the evidence introduced at trial in order to provide a background for our analysis of the issues. The Commonwealth's evidence came from the wife's niece and a police officer. The defendant's wife and two other witnesses testified on behalf of the defendant. On June 26, 1995, the defendant lived with his wife in an apartment in Weymouth. At about 8:00 P.M., the wife's niece came to the apartment with her stepbrother and a boy friend. When the niece arrived, she noticed that the wife was "a little bit" intoxicated, and the defendant also appeared to have been drinking. The five began to consume vodka drinks together.

During the course of the evening, the defendant became "very drunk" and obnoxious. He and his wife began arguing, and the wife then asked everyone to leave but, as they did, the defendant began pushing his wife.

A police officer arrived at the apartment in response to a radio dispatch concerning a domestic disturbance. Only the defendant and his wife were present. The officer noticed a small amount of blood on the wife's face and spoke to her about it. She told the officer that she had a physical confrontation with her husband; the defendant had bit her on the face three or four times, grabbed her upper arms and "squeezed them tight," and scraped her face with his hands. The officer noticed red marks and bruises on the wife's upper arms and what appeared to be a human bite mark on her cheek.

The defendant was sitting on a couch and appeared to be intoxicated. The officer gave the defendant the Miranda warnings. The defendant then told the officer that he had "hit his

wife several times," and the officer placed the defendant under arrest.

The wife was called as a defense witness at trial and testified that the defendant had not hit her. She stated that she was injured while attempting to break up a fight between her husband and her daughter's boy friend. The wife admitted that she was angry with the defendant on the evening in question because she had just discovered that he was having an affair. She stated that she told the officer that the defendant had assaulted her because she was enraged over his infidelity.

1. *The admission in evidence of the defendant's confession.* In Massachusetts under our "humane practice," a judge has a "constitutional obligation to conduct a voir dire examination in the absence of the jury where the voluntariness of a confession is in issue and to make an affirmative finding of voluntariness before the jury are allowed to consider it." *Commonwealth* v. *Crawford*, 429 Mass. 60, 65 (1999), quoting from *Commonwealth* v. *Tavares*, 385 Mass. 140, 151, cert. denied, 457 U.S. 1137 (1982). The obligation is usually discharged at a suppression hearing.

In this case, the defendant filed a motion to suppress his statement to the officer, claiming that at the time he made it he was "extremely intoxicated" and, therefore, did not make a knowing and voluntary waiver of his Miranda rights. As a separate ground, the defendant claimed that, because of his intoxication, his statement was involuntary under the Fourteenth Amendment to the United States Constitution.

After a hearing, the judge denied the defendant's motion. He ruled that, although the defendant was intoxicated, his waiver of the Miranda rights was voluntary. However, the judge failed to make any finding or ruling on the separate challenge to the voluntariness of the defendant's statement based on his intoxication. The omission was error because, once the issue of voluntariness has been raised (as here in the defendant's suppression motion), "[d]ue process requires a separate inquiry into the voluntariness of the defendant's statement[] apart from the validity of the Miranda waiver." *Commonwealth* v. *Magee*, 423 Mass. 381, 387 (1996). *Commonwealth* v. *Rodriguez*, 425 Mass. 361, 368 (1997). While the omission is not necessarily fatal, see *Commonwealth* v. *Parham*, 390 Mass. 833, 837-838 (1984), the judge compounded the error by the manner in which he treated the voluntariness issue at trial.

On the first day of trial, the defendant requested a voir dire on the voluntariness issue. The judge denied the request, ruling that the question of voluntariness had already been decided at the suppression hearing. The judge was in error, however, because there was no prior affirmative finding of voluntariness by the judge before the jury heard testimony of the defendant's statement.

It is clear (indeed the Commonwealth so concedes in its brief) that the voluntariness of the defendant's statement was a live issue at trial. Therefore, the humane practice requires that "[i]f the statement is later admitted at trial, and if voluntariness is a live issue, the judge must instruct the jury 'that the Commonwealth has the burden of proving beyond a reasonable doubt that the statement was voluntary and that the jurors must disregard the statement unless the Commonwealth has met its burden.' " *Commonwealth* v. *Watkins*, 425 Mass. 830, 835 (1997), quoting from *Commonwealth* v. *Tavares*, *supra* at 151-152.

Here, the defendant requested in writing that the judge instruct the jury in accordance with the humane practice. The judge refused, and the jury were never instructed as to their independent role in deciding the voluntariness of the defendant's statement.

The judge's multiple errors in regard to the voluntariness issue were not harmless. See *Commonwealth* v. *Hooper*, 42 Mass. App. Ct. 730, 734 (1997). There was plenty of evidence, particularly from the police officer, that the defendant appeared to be intoxicated at the time he made the statement that he had hit his wife. On this record, and especially in view of the wife's testimony that the defendant had not struck her, we cannot say that the judge's errors did not contribute to the jury's verdict. *Commonwealth* v. *Flebotte*, 417 Mass. 348, 353 (1994). Therefore, there must be a new trial.

2. *Other issues.* The defendant challenges the judge's decision to admit his wife's statement as a spontaneous utterance. Because the issue will undoubtedly be raised at retrial, we will briefly consider it.

After examining the issue, we conclude that the judge did not abuse his discretion in allowing the wife's statement in evidence as a spontaneous utterance. See *Commonwealth* v. *Whelton*, 428 Mass. 24, 26-27 (1998).

The defendant's claim that the judge committed error when

he did not declare a mistrial because of a witness's testimony that the defendant had previously been ''in jail'' is without merit in light of the judge's curative instruction. On retrial such testimony should be excluded.

3. *Conclusion.* The judgment is reversed, the verdict is set aside, and the case is remanded for a new trial.

*So ordered.*