The defendant was convicted of operating a motor vehicle under the influence of intoxicating liquor in violation of G. L. c. 90, § 24 (1) (a ) (1). On appeal, he argues that the judge failed to comply with the humane practice rule and that the evidence was insufficient to support the guilty verdict. We disagree and affirm his conviction.
Background. The jury could have found the following facts. After two civilians observed a vehicle being driven erratically and called 911, police pulled the vehicle over and found the defendant in the driver's seat. The officer noted that the defendant's eyes were red and glassy, that he was slurring his speech, and that he smelled of alcohol. The officer then asked the defendant, among other things, how much he had to drink. The defendant responded in English, "I had four beers[;] I had four Coronas," and then told the officer that he did not speak English. The officer then conducted field sobriety tests, using pantomimed instead of spoken instructions. Without relying on the test results, the officer determined that the defendant was operating under the influence of alcohol and arrested him.
Discussion. 1. Humane practice rule. The defendant first argues that because he did not speak English, his statements to the police officer were involuntary, requiring the judge to comply with the humane practice rule. That rule requires a judge to decide preliminarily if a defendant's confession or admission to law enforcement personnel was voluntary. See Commonwealth v. Tavares, 385 Mass. 140, 149-150, cert. denied, 457 U.S. 1137 (1982). If the judge finds that the statement is voluntary beyond a reasonable doubt, that conclusion "must appear from the record with unmistakable clarity." Id. at 152, quoting Sims v. Georgia, 385 U.S. 538, 544 (1967). If the judge determines that the statement is voluntary and admissible, he must instruct the jury that, in order to consider the statement, they must also find that the statement was voluntary beyond a reasonable doubt. See id. at 149-150, 152.
Confessions are involuntary if they are "the product of coercion, either physical or psychological." Rogers v. Richmond, 365 U.S. 534, 540 (1961). A statement may be coerced if it was "the result of threats or promises" or if "trickery was involved." Commonwealth v. Allen, 395 Mass. 448, 456 (1985). A defendant's physical or mental condition, such as insanity, drug abuse and withdrawal, or intoxication, is also relevant to voluntariness. See ids="895996" index="5" url="https://cite.case.law/mass/395/448/#p456">id. at 455.
The defendant does not argue that his statements were coerced or involuntary based on the above factors. When defense counsel raised the humane practice issue based on the asserted language barrier, the judge stated that he had not yet "heard anything about voluntariness" but that he "certainly would give ... a humane practice instruction if it becomes necessary and appropriate." The defendant never raised the issue again, either by eliciting testimony suggesting that his statements were involuntary, by asking for a humane practice instruction, or by objecting to the lack of such an instruction. He also cites no case where statements were found involuntary due to a language barrier. The defendant thus never raised any question of voluntariness as that concept is properly understood.[2]
Moreover, voluntariness must be a live issue at trial to require a humane practice instruction. See Commonwealth v. Alicea, 376 Mass. 506, 523 (1978). Voluntariness is not a live issue when "[t]he defense did not focus on involuntariness." Commonwealth v. Nieves, 429 Mass. 763, 769 (1999). See Commonwealth v. Parham, 390 Mass. 833, 842 (1984) (determining that defendant's references to voluntariness throughout trial "were not sufficiently focused so to make the question a 'live issue' ").
The defendant claims voluntariness was a live issue here because counsel argued to the judge that the defendant could not answer questions voluntarily if he did not understand English. However, the defendant never attempted to produce any evidence (through cross-examination of the officer or otherwise) that his answer to the officer's question about how much he had had to drink was involuntary because he did not understand the question. Nor did he elicit any other evidence that his mental functioning was impaired. See Commonwealth v. Brady, 380 Mass. 44, 51 (1980). Defense counsel's closing argument asserted only that the defendant's statement was not reliable, not that it was involuntary. The voluntariness of the statement was thus not a live issue, and the judge did not violate the humane practice rule.
2. Sufficiency of the evidence. The defendant next claims that there was insufficient evidence that he was under the influence of intoxicating liquor. We review to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979).
Even without the field sobriety test evidence, which the defendant argues should be discounted, there was ample evidence of impaired operation. This included a civilian's testimony that she saw the vehicle being driven erratically, the officer's testimony about the defendant's slurred speech, glassy eyes, and the odor of alcohol, and the defendant's statement that he had consumed four beers. Examining the evidence in the light most favorable to the Commonwealth, a rational trier of fact could have found impaired operation beyond a reasonable doubt.
Judgment affirmed.

The defendant's reliance on Commonwealth v. Van Melkebeke, 48 Mass. App. Ct. 364 (1999), is misplaced. Here, unlike in that case, the judge addressed voluntariness as soon as it was raised and concluded that it was in no way an issue.