The defendant appeals from an order denying, in part,[2] his motion for a new trial, premised on his request to withdraw his guilty pleas to charges of assault and battery by means of a dangerous weapon (count 3) and intimidating a witness (count 5). His motion argued that his pleas were not made intelligently because, during the plea colloquy, the prosecutor did not state sufficient facts to establish all elements of those offenses. The judge's ruling on such a motion is reviewed for abuse of discretion or prejudicial constitutional error. See Commonwealth v. Correa, 43 Mass. App. Ct. 714, 716 (1997). We affirm.
A plea judge "must determine by means of an adequate colloquy that the plea tendered is both intelligently and voluntarily made." Id. at 717. "A plea is intelligently made when the defendant has knowledge of the elements of the charges against him." Ibid.
"This requirement can be satisfied in one of several ways: (1) by the judge explaining to the defendant the elements of the crime; (2) by counsel's representation that she has explained to the defendant the elements he admits by his plea; or, (3) by the defendant's stated admission to facts recited during the colloquy which constitute the unexplained elements."
Ibid. Here, during the colloquy, the prosecutor recited the facts underlying the offenses, and the defendant admitted to those facts; he now claims the prosecutor's recitation was insufficient.
As to the charge of assault and battery by means of a dangerous weapon, the defendant argues that the prosecutor did not state facts sufficient to allege that he had used a beverage coaster as a dangerous weapon. The prosecutor described an incident during which the defendant, in arguing with his former girl friend, had strangled and assaulted and battered her.[3] "He also ... threw a coaster and a yoga mat[4] at her. The Commonwealth alleges those are the dangerous weapons in this allowed the motion as to that conviction. case, the coaster striking her in the left eye, the yoga mat brushing her shoulder area."
The question here was "whether the object, as used by the defendant, [was] capable of producing serious bodily harm." Commonwealth v. Mattei, 455 Mass. 840, 844 (2010), quoting from Commonwealth v. Tevlin, 433 Mass. 305, 310 (2001). The defendant argues that, because the prosecutor did not further describe the coaster, it could have been made of a flimsy material such as paper, incapable of producing such harm.[5] We disagree. An object the size of a coaster that is heavy enough to be "thrown" at the victim, "striking her" in the eye-one of the most sensitive parts of the human body-is plainly capable of producing serious bodily harm. The prosecutor's statement on this point was sufficient to ensure that the defendant's plea was made intelligently.[6]
As to the charge of intimidating a witness, the defendant claims that the prosecutor did not state facts sufficient to allege that he had "intimidate [d] or harasse[d]" the victim. The witness intimidation statute, G. L. c. 268, § 13B, as amended by St. 2010, c. 256, § 120, provides, insofar as relevant here: "Whoever, directly or indirectly, wilfully ... intimidates or harasses another person who is ... a person who is furthering a civil or criminal proceeding ... shall be punished ...."
Here, the prosecutor stated that the day after the defendant's various assaults on his former girl friend, she obtained a restraining order against him. The prosecutor further stated that, one-half hour after being served in hand with a copy of that order, the defendant sent the victim an electronic mail message (e-mail),
"which would have been a violation of the no contact order .... [This e-mail] is what constitutes[,] the Commonwealth believes[,] the witness intimidation indictment, in which the defendant references the restraining order and says another active restraining order would hurt him immensely and that he does not need any more legal problems, and further states, 'I'm a ship that desires to float and not sink. Please allow me the opportunity without further setbacks.' "
Although the motion judge concluded that this statement was sufficient to establish harassment,[7] we believe that the case is more easily resolved on the basis that the statement established intimidation.
Intimidating conduct includes "acts or words that would instill fear in a reasonable person, [done] with the intent to impede or influence a potential witness's testimony." Commonwealth v. Rivera, 76 Mass. App. Ct. 530, 535 (2010). It is not "necessary to establish that the intimidation was successful in the sense that the target of the intimidating conduct was actually frightened and made reluctant to testify." Ibid.
" '[W]ords do not need to be expressly intimidating, threatening, or harassing' in order to fall within the meaning of intimidation.... 'The assessment whether the defendant made a threat is not confined to a technical analysis of the precise words uttered[;] ... the [fact finder] may consider the context in which the allegedly threatening statement was made and all of the surrounding circumstances.' "
Commonwealth v. Carvalho, 88 Mass. App. Ct. 840, 845-846 (2016), quoting from Commonwealth v. Pagels, 69 Mass. App. Ct. 607, 613 (2007).
Here, the defendant was alleged to have sent the victim an e-mail in violation of a restraining order served only one-half hour earlier-and within one day after the defendant had violently attacked her-that implicitly but unmistakably urged her not to pursue the restraining order proceeding any further. This e-mail, showing the defendant's willingness to violate the terms of a restraining order aimed at preventing further violent attacks, would have instilled fear in a reasonable person in the victim's position. The prosecutor's statement on this point was therefore sufficient to ensure that the defendant's pleas were made intelligently.
Order denying motion for new trial on counts 3 and 5 affirmed.

See note 3, infra.

These acts led to other charges, including two counts of strangulation or suffocation, and three counts of assault and battery, to which the defendant also pleaded guilty, and which are not at issue in this appeal.

The defendant's motion also sought to withdraw his plea of guilty to a second charge of assault and battery by means of a dangerous weapon, to wit, a yoga mat (count 4). The judge

Although the indictment charged that the coaster was made of wood, this allegation was not mentioned in the colloquy, and therefore we do not consider it.

Had the prosecutor stated that the defendant "tossed a coaster at the victim, brushing her in the eye area," a different question would be presented.

The statute defines "harass" as meaning "to engage in any act directed at a specific person or persons, which act seriously alarms or annoys such person or persons and would cause a reasonable person to suffer substantial emotional distress." G. L. c. 268, § 13B(3).