Following a jury trial in the Brockton District Court, the defendant, Lee V. Lam, was convicted of assault and battery on a family or household member in violation of G. L. c. 265, § 13M(a ). On appeal, the defendant claims that (1) the judge abused his discretion by declining to ask a question during jury empanelment; (2) the prosecutor mischaracterized the evidence in her closing argument; and (3) the absence of a self-defense instruction created a substantial risk of a miscarriage of justice. We affirm.
Discussion. 1. Voir dire question. Before trial, the defendant filed a motion requesting twenty-two voir dire questions, including "Have you or has any member of your family applied for a [r]estraining [o]rder or been the defendant in a [r]estraining [o]rder petition?" The judge declined to ask the question because the confidential juror questionnaire addressed it.[2] The judge did, however, also ask the venire, "Have you or any member of your family ever been involved in a legal proceeding, either as a witness or as a defendant, in an assault and battery or domestic violence case?" Five potential jurors answered the question affirmatively, and all five were eventually dismissed.
The defendant contends that the judge erred in refusing to ask the prospective jurors about their familiarity with restraining orders, and that this refusal compromised the impartiality of the jury. We review the judge's decision for an abuse of discretion. See Commonwealth v. Lopes, 440 Mass. 731, 736 (2004) ; Commonwealth v. Carvalho, 88 Mass. App. Ct. 840, 844-845 (2016).
The question that the defendant requested was addressed by the confidential questionnaire. See Carvalho, supra at 844-845 (judge acted within her discretion in declining to ask venire question specific to their experiences with harassment prevention or restraining orders). Furthermore, the judge questioned the jurors about personal or familial experiences with domestic violence and assault and battery cases, a broad question which also encompassed the issuance of restraining orders. There is nothing in the record to suggest that the jury selection process was anything but fair and impartial. See Commonwealth v. Reavis, 465 Mass. 875, 890 (2013).
2. Prosecutor's closing arguments. The defendant objected when the prosecutor stated, "There are two other witnesses [the neighbor and Officer Pedro] who testified that they saw [the wife] on October 21st and that her injuries were consistent with her allegations." The objection was overruled. On appeal, the defendant claims that the Commonwealth mischaracterized the evidence and alluded to facts not in evidence, because neither witness explicitly testified that the wife's injuries "were consistent with her allegations."
"[P]rosecutors are entitled to argue 'forcefully for the defendant's conviction,'" but "closing arguments must be limited to the facts in evidence and the reasonable inferences that may be drawn therefrom." Commonwealth v. Diaz, 478 Mass. 481, 487 (2017), quoting from Commonwealth v. Wilson, 427 Mass. 336, 350 (1998). The prosecutor did limit herself to the facts in evidence and the reasonable inferences therefrom.
In her testimony, the wife stated she was injured when the defendant hit her on the head. Both witnesses, the neighbor and Officer Pedro, testified that they observed the wife's red mark. Photographs were admitted that showed the injury. The prosecutor was permitted to ask the jury to draw the inference that the injuries were consistent with the testimony that the defendant had hit the wife. There is no factual disconnect between the Commonwealth's closing arguments and the witness's testimony.
3. Self-defense instruction. The defendant contends that the judge should have, sua sponte, instructed the jury on self-defense. The defendant did not request a self-defense instruction. We review for error, and if any, for a substantial risk of a miscarriage of justice. Cf. Commonwealth v. Norris, 462 Mass. 131, 143 (2012) (judge not required to give instruction sua sponte when defendant did not request one at trial and instruction would be inconsistent with defense presented). See Commonwealth v. Shippee, 83 Mass. App. Ct. 659, 664 (2013).
A defendant is entitled to an instruction on self-defense "if the evidence, viewed in the light most favorable to him, is sufficient to raise the issue." Commonwealth v. Harrington, 379 Mass. 446, 450 (1980). See Commonwealth v. Burbank, 388 Mass. 789, 794 (1983). "The elements of self-defense, where nondeadly force is used, are (1) a reasonable concern for one's personal safety ... ; (2) the use of all reasonable means to avoid physical combat; and (3) the degree of force used must be reasonable in the circumstances, with proportionality being the touchstone for assessing reasonableness" (footnote omitted). Commonwealth v. Adams, 458 Mass. 766, 774-775 (2011).
The defendant contends that his wife was the aggressor in the physical altercation that led to the assault and battery charge because the wife threw a remote control onto the defendant's sofa and pushed the defendant away when he came towards her. This evidence does not create a reasonable doubt that the defendant had reason to fear for his personal safety when, after the remote landed on the couch, he moved towards his wife, stood over her, and punched her in the head. Even assuming that the defendant could show that he had a reasonable concern for his personal safety, he failed to use all reasonable means to avoid the confrontation. See id. at 775 (self-defense instruction not required where defendant did not seek "all reasonable means to avoid physical combat"). Because there was no evidentiary basis for the instruction, there was no error.
Judgment affirmed.

Part three of the confidential juror questionnaire (2017) asks, "Have you or anyone in your household or family ever had any of the following experiences with the law ... [b]een served with a court order ... [or] [s]ought a court order (restraining order, stay-away order, injunction, etc.)?" See G. L. c. 234A, § 22.